# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

SHAHID MAHROOF,             \*

                                   \*     No. 16-521V

            Petitioner,    \*     Special Master Christian J. Moran

                                   \*

v.                            \*     Filed: May 4, 2021

                                   \*

SECRETARY OF HEALTH     \*     Stipulation; Tetanus, diphtheria,

AND HUMAN SERVICES,      \*     and acellular pertussis ("Tdap")

                                   \*     vaccine; Guillain-Barré

                                   \*     syndrome ("GBS").

            Respondent.   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

Lawrence R. Cohan, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner;
Alexa Roggenkamp, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

      On May 4, 2021, the parties filed a joint stipulation concerning the petition for compensation filed by Shahid Mahroof on April 28, 2016. Petitioner alleged that the Tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine he received on July 4, 2014, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), caused him to suffer Guillain-Barré syndrome ("GBS"). Petitioner further alleges that he suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent denies that the vaccine caused petitioner's alleged injury or any other injury, and denies that petitioner's current disabilities are the result of a vaccine-related injury.

Nevertheless, the parties agree to the joint stipulation, attached hereto. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

a. **A lump sum payment of $7,825.89, which amount represents reimbursement for a Medicaid lien for vaccine injury-related services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and New York State Department of Health, P.O. Box 415874, Boston, MA, 02241-5874.**

   **Petitioner agrees to endorse this check to New York State Department of Health.**

b. **A lump sum payment of $53.52, which amount represents reimbursement for a Medicaid lien for vaccine injury-related services rendered on behalf of petitioner, in the form of check payable jointly to petitioner and Maricopa Health Plan, P.O. Box 166559, Irving, TX 75016-6559.**

   **Petitioner agrees to endorse this check to Maricopa Health Plan.**

c. **A lump sum payment of $32,120.59 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment according to this decision and the attached stipulation.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master